WELLS, Chief Judge.
We treat the instant appeal from the denial of a motion for rehearing as a belated appeal from denial of the underlying post-conviction motion to vacate Wallace Jones’ conviction and sentence. For the following reasons, we affirm.
On October 27, 2010, Jones filed his first motion for post-conviction relief. The trial court denied that motion on April 1, 2011; a decision that was affirmed by this court without opinion in Jones v. State, 61 So.3d 1132 (Fla. 3d DCA 2011).
Jones filed a second post-conviction motion on July 14, 2011, seeking to vacate his conviction and sentence. In that motion, Jones claimed that the mandate issued in the earlier appeal entitled him to additional relief in the court below. The trial court denied this motion in an order rendered on September 19, 2011, and Jones timely moved for rehearing from that order on September 27, 2011.
After nearly a year elapsed without any ruling on this last motion for rehearing, Jones filed a new motion on September 13, 2012, inquiring as to the status of his September 27, 2011 motion for rehearing. Mistakenly believing that Jones had moved for rehearing from the denial of his first post-conviction motion (the October 27, 2010 motion) — not, as was the case, the denial of his second post-conviction motion (the July 14, 2011 motion) — the lower court ruled that the September 27, 2011 motion for rehearing was untimely. This last order is the subject of the instant appeal.
Although the court below was incorrect in concluding that Jones’ September 27, 2011 motion for rehearing was untimely, we nonetheless affirm because the July 14, 1211 post-conviction motion to which that motion is addressed is wholly without merit. Specifically, Jones claims that the wording of the form mandate issued by this court following affirmance of the order denying his first post-conviction motion mandates further proceedings in the court below. It does not. To the contrary, the opinion attached to and incorporated into the mandate at issue does no more than affirm without opinion the order on review. It requires no further action whatsoever on the trial court’s part. As such, there was nothing further for the court below to do. The July 14, 2011 post-conviction motion to vacate Jones’ conviction and sentence and the September 27, 2011 motion for rehearing relating to it were, therefore, in all respects properly denied.
Affirmed.